UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BUFORD LEE,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-863-JD-MGG

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Buford Lee, a prisoner without a lawyer, filed a complaint (ECF 1) against three defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Lee asserts that, on July 3, 2020, at around 5:00 p.m., he was placed in a cell on lockdown for unknown reasons. ECF 1 at 2. He states that, after being in the cell for two weeks, he wrote a letter to Warden William Hyatte about the incident. *Id*. Lee then filed a formal grievance about the incident on August 6, 2020, because he had been in his cell for more than thirty days. *Id*. He states that, while he has been on lockdown, he has not been allowed to exercise, he can only shower every five days, and

his clothes are washed once a week. *Id*. at 2-3. Lee states he receives one hot meal every eight days and has been given sack meals for more than three and one-half months. *Id*. at 4. He claims one of his sack meals contained moldy green meat, rotten carrots, and bread that tasted like an "old mold[y] basement." *Id*. He has not been given any cleaning supplies and, as a result of his living conditions, he has anxiety, depression, and multiple physical ailments.

In this case, Lee has sued Warden Hyatte, Executive Assistant Shawna Morson, and Major D. Boyan for allegedly violating his Eight Amendment rights against cruel and unusual punishment by subjecting him to inappropriate living conditions during his lockdown. With respect to Warden Hyatte, Lee alleges that Warden Hyatte never responded to his letter about the lockdown. ECF 1 at 2. As to Executive Assistant Shawna Morson, he states that she gave him Major Boyan's response to his grievance. However, a lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003); *see also Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Here, Lee has failed to assert facts that show Warden Hyatte and Executive Assistant Morson were personally involved in the alleged constitutional violations. Thus, he may not proceed against them.

With regard to Major Boyan, Lee states that Major Boyan never met with him to discuss any of the issues he raised in his grievance. ECF 1 at 2. To the extent Lee seems

to be asserting his rights were violated because his grievance was not properly addressed, he has no constitutional right to access the prison's grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Thus, he cannot proceed against Major Boyan.

While Lee's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Lee should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Buford Lee;

(2) GRANTS Buford Lee until **July 15, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Buford Lee that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on June 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT